IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Cecil Gainey, ) | |
| ) | Cr. No. 3:05-946 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Joseph Cecil Gainey was indicted on September 6, 2005, and charged with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Counts 1, 4); possession of a firearm that had the importer's and manufacturer's serial number altered, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1) (Count 2); and possession and sale of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Counts 3, 5). On October 4, 2005, the government filed an Information notifying Movant that he was subject to increased penalties under 18 U.S.C. § 924(e), based on prior convictions in South Carolina state court, specifically: burglary 2nd degree and grand larceny in Chesterfield County General Sessions Court in 1988; burglary 3rd degree and petit larceny in Chesterfield County General Sessions Court in 1988; willfully burning lands of another and escape in Richland County General Sessions court in 1985; and burglary 2nd degree in Richland County General Sessions Court in 1997.

Movant pleaded guilty to Counts 4 and 5 of the indictment before the Honorable Matthew J. Perry, Jr. on March 16, 2006.[1] A presentence report (PSR) was prepared that categorized the two

---

[1] The case was reassigned to the undersigned on February 27, 2014, subsequent to the passing of Judge Perry.

burglary 2nd degree convictions and burglary 3rd degree conviction as predicate offenses for armed career criminal under U.S.S.G. § 4B1.4(b)(B). Movant's criminal history category was found to be V. His base offense level was 24 pursuant to § 2K2.1(a)(2). He received a two-level increase pursuant to § 2K2.1(b)(1) because the offense involved three to seven firearms. Movant received another two-level increase pursuant to 2K2.1(b)(4) because the firearms were stolen. Movant also received a four-level increase pursuant to 2K2.1(b)(5) because he used or possessed the firearms and ammunition in connection with another felony offense. Movant's adjusted offense level was 32. Because he was considered to be an armed career offender, his offense level under § 4B1.4(b)(B) became 33. Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 30. Because Count 4 provided for a statutory minimum sentence of 15 years, Movant's guideline range became 180 to 188 months imprisonment.

Movant was sentenced on June 16, 2006 to 180 months incarceration as to Count 4 and 120 months incarceration as to Count 5 to run concurrently. Judgment was entered on June 20, 2006. On July 2, 2007, Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in which he raised the following issue:

> Sentence under the ACC Act could not be employed because two of the priors used by the government could not be counted. The predicate conviction[s] under USSG 4B1.2 involved commercial structures. . . . Only burglary of a dwelling constitutes a crime of violence.

ECF No. 48, 4.

Movant's § 2255 motion was found to be without merit. First, Judge Perry noted that Movant referred to the "career offender" section of § 4B1.1 and the definitions utilized in § 4B1.2, both of which were inapplicable to Movant's case because he was sentenced as an "armed career

criminal" under § 4B1.4 and 18 U.S.C. § 924(e). Judge Perry observed that a "burglary" for purposes of § 924(e) includes "generic" burglary, defined as "'unlawful or unprivileged entry into, or remaining in, a building or structure with the intent to commit a crime.'" ECF No. 60, 5 (quoting Taylor v. United States, 495 U.S. 575, 598-99 (1990)). Judge Perry also noted that, although two of Movant's convictions for burglary are based on incidents that occurred on the same day, they still qualified as separate convictions because they arose out of separate and distinct criminal episodes. Id. (citing United States v. James, 337 F.3d 387, 391 (4th Cir. 2003, rev'd on other grounds by United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009)). Finally, Judge Perry found that Movant's claim was procedurally defaulted because it had not been raised on direct review. Id. at 6 (citing United States v. Sanders, 247 F.3d 144 (4th Cir. 2001)). Accordingly, Movant's § 2255 motion was dismissed.

This matter now is before the court on Movant's motion for review of sentence, which motion was filed on February 27, 2014. Movant argues that the burglary 2nd degree and burglary 3d degree offenses in 1988 occurred on the same day and were consolidated for sentencing, and thus should have been counted as a single predicate offense. Movant cites to U.S.S.G. § 4A1.2(a)(2) and § 4A1.2(c)(2) as supporting his contention.

As an initial matter, Movant contends that the court has jurisdiction pursuant to 18 U.S.C. § 3742(a), which provides:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or

>   (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
>   (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

Movant misapprehends the purpose of § 3742(a). As explained in Jones v. United States, 214 F. Supp. 2d 780 (E.D. Mich. 2002):

>   This section concerns only the notice that a defendant gives to the district court. It does not create a duty or obligation in the district court. It does not authorize the district court to act on a defendant's motion or other request for the district court to review a defendant's sentence. Section 3742(e) of the statute indicates that the Court of Appeals makes the determination as to whether the criminal defendant's sentence was imposed in violation of law; was imposed as a result of an incorrect application of the sentencing guidelines; is outside the guideline range, and is unreasonable.

Id. at 783.

The court concludes that it lacks jurisdiction pursuant to § 3742(a), as asserted by Movant. Rather, the court construes Movant's motion as more properly brought under § 2255. Movant has not sought permission from the Fourth Circuit to file a successive § 2255 motion. See 28 U.S.C. § 2244(3)(A). For this additional reason, the court lacks jurisdiction over Movant's motion. Further, as alluded to hereinabove, Movant's sentence was not governed by the definitions set forth in U.S.S.G. § 4A1.2, but those articulated in § 924(e)(1). See United States v. Davis, 689 F.3d 349, 358 (4th Cir. 2012) (quoting United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995)). Finally, the court notes that Movant's claim for relief could have been raised on direct appeal. Accordingly, his claim is procedurally defaulted. Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual

prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir.1994)). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. Id. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Id. Movant has made no such showing.

## CONCLUSION

For the reasons stated, Movant's motion is construed as a successive § 2255 motion. Movant has not obtained permission from the Fourth Circuit to bring his motion. Movant's § 2255 motion (ECF No. 60) is **denied and dismissed**, without prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.

    **IT IS SO ORDERED**.

                                                             /s/ Margaret B. Seymour
                                                             Senior United States District Judge

Columbia, South Carolina

May 28, 2014

## NOTICE OF RIGHT TO APPEAL

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**